IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LORI F.[1],

      Plaintiff,

    v.

COMMISSIONER,

Social Security Administration,

      Defendant.

:

:

:

:

Case No. 3:22-cv-319

JUDGE WALTER H. RICE

MAGISTRATE JUDGE
STEPHANIE K. BOWMAN

---

DECISION AND ENTRY REJECTING REPORT AND
RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE
(DOC. #14) AND SUSTAINING OBJECTIONS OF PLAINTIFF LORI F.
THERETO (DOC. #15); THE DECISION OF DEFENDANT
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, THAT
PLAINTIFF WAS NOT DISABLED, AND THEREFORE NOT ENTITLED
TO BENEFITS, UNDER THE SOCIAL SECURITY ACT IS REVERSED
AND THE MATTER IS REMANDED TO THE COMMISSIONER
PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) FOR
FURTHER PROCEEDINGS CONSISTENT WITH THIS ENTRY;
JUDGMENT SHALL ENTER IN FAVOR OF PLAINTIFF AND AGAINST
THE COMMISSIONER; TERMINATION ENTRY

---

      The Court has reviewed the Report and Recommendations of Magistrate

Judge Stephanie K. Bowman (Doc. #14), to whom this case was referred pursuant

to 28 U.S.C. § 636, Plaintiff Lori F.'s Objections thereto (Doc. #15), the Response

---

[1] "The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials." General Order 22-01.

to Objections of Defendant Commissioner, Social Security Administration ("Commissioner") (Doc. #16), and the administrative record, including the decision by the Commissioner's Administrative Law Judge ("ALJ") that Plaintiff is not disabled under Sections 216 and 223 of the Social Security Act ("Act"). (Admin. Record, Doc. #8-2, PAGEID 51, citing 42 U.S.C. §§ 416(i), 423(d)). For the foregoing reasons, the Report is REJECTED, the Objections are SUSTAINED, the ALJ's decision of non-disability is REVERSED, and the matter is REMANDED to the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g) for further proceedings consistent with this Decision.

## I.    ALJ Decision and Report

The ALJ followed the Commissioner's well-established five-step sequential analysis in evaluating Plaintiff's claim of disability. (Doc. #8-2, PAGEID 45, citing 20 C.F.R. § 404.1520(a)(4)). At Steps Two and Three, respectively, the ALJ found that Plaintiff had several severe and non-severe impairments (although no mental health issues were found to be severe), but that none of the impairments, alone or in combination, constituted or equaled a disabling impairment listed in 20 C.F.R. Pt. 404 Subpart P App'x 1 ("Appendix 1 Listing"). (*Id.* at PAGEID 46-48). At Step Four, the ALJ found that, based on Plaintiff's residual functional capacity ("RFC"), she was able to perform her past relevant work as an accounts payable clerk. Thus, the ALJ concluded, Plaintiff was not disabled under the Act. (*Id.* at PAGEID 48-51). The Appeals Council denied Plaintiff's request for review of the ALJ decision, rendering the ALJ's decision a final order, the timely appeal from

2

which this Court has jurisdiction. (*Id*. at PAGEID 28-30, citing 42 U.S.C. §

405(g)).

Plaintiff's appeal to this Court alleged two principal reversible errors: *first*,

that the ALJ failed to find at Step Two that Plaintiff has severe mental health

impairments, and *second*, that the ALJ failed to evaluate the opinions of the State

Agency reviewing psychologists and physicians for supportability (*i.e.*, what

processes and analyses the reviewing sources undertook to reach their opinions).

(Statement of Errors, Doc. #10, PAGEID 1917, citing 20 C.F.R. § 404.1520c).

The Magistrate Judge rejected these arguments, noting that the ALJ listed several

mental health problems as non-severe impairments at Step Two, and that even if

the severity determination was erroneous, such an error was not reversible so long

as the ALJ considers those non-severe impairments at Steps Three and Four.

(Doc. #14, PAGEID 1962-63, quoting *Higgs v. Bowen*, 880 F.2d 860, 862 (6th

Cir. 1988); 20 C.F.R. § 404.1545(e); citing *Maziarz v. Sec'y of Health & Human

Servs.*, 837 F.2d 240, 244 (6th Cir. 1987); 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §

404.1520). Here, the Magistrate Judge opined, the ALJ considered Plaintiff's

depression and anxiety, but, relying on the reports of the state agency

psychologists, Lesly Rudy, Ph.D., and Kristen Hawkins, Psy.D., concluded that

those impairments did not interfere with Plaintiff's ability to understand and apply

information or interactions with others, and caused only mild limitations in

concentration, persistence, and pace and self-management. As the ALJ analyzed

those impairments and explained why they did not require greater restrictions for

3

Plaintiff's RFC, there was no error.  (*Id.* at PAGEID 1963-65, quoting *Higgs*, 880 F.2d at 863; *Pompa v. Comm'r of Soc. Sec.*, 73 F. App'x 801, 803 (6th Cir. 2003); citing *Maziarz*, 837 F.2d at 244; Doc. #8-2, PAGEID 46-47, 114, 124).

The Magistrate Judge rejected Plaintiff's argument "that the ALJ failed to consider the supportability factor in evaluating the prior administrative medical findings of the state agency physical and psychological consultants" (Doc. #14, PAGEID 1965), as unavailing, because "the ALJ's decision was not outside of the permissible 'zone of choice' that grants ALJs discretion to make findings without 'interference by the courts.'"  (*Id.* at PAGEID 1967-68, quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 1993); citing *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)).  The Magistrate Judge concluded that, in finding the opinions of Drs. Haskins and Rudy "persuasive" (Doc. #8-2, PAGEID 50), the ALJ noted that the opinions "were consistent with the overall evidence, including the treatment notes, and . . . were uncontroverted by the record evidence. . . . As such, the ALJ properly considered the supportability factor[.]"  (Doc. #14, PAGEID 1968).  Finally, since Plaintiff did not articulate what additional limitations would have been included in her RFC had the agency psychologists' opinions been discounted, any error was harmless.  As the ALJ's opinion was otherwise supported by substantial evidence, the Magistrate Judge recommended that that administrative decision be affirmed.  (*Id.*).

4

## II. Legal Standards

Plaintiff's Appeal was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72(b)(1), under which she "must enter a recommended disposition," and "a party may serve and file specific written objections to the proposed findings and recommendations." FED.R.CIV.P. 72(b)(1-2). "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED.R.CIV.P. 72(b)(3).

This Court must affirm an ALJ's decision denying benefits so long as the conclusion of non-disability is supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted), quoting *Consol. Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938). It is, however, "less than a preponderance." *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996), citing *Consol. Edison*, 305 U.S. at 229. "If supported by substantial evidence, the Commissioner's decision must be affirmed, even if the reviewing court would decide the case differently, and even if the claimant's position is also supported by substantial evidence." *Linscomb v. Comm'r of Soc. Sec.*, 25 F. App'x 264, 266 (6th Cir. 2001), citing *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Felisky v. Bowen,* 35 F.3d 1027, 1035

5

(6th Cir.1994). Nonetheless, for a decision to be supported by substantial evidence, the ALJ must build "an accurate and logical bridge between the evidence and his [or her] conclusion." *Brumbaugh v. Comm'r of Soc. Sec.*, 989 F. Supp. 2d 690, 698 (S.D. Ohio 2013) (Rice, J.; Newman, Mag. J.) (brackets in original).

## III. Analysis

### A. Classification of Mental Health Impairments

Plaintiff objects that the finding of mental health issues as non-severe impairments was contradicted by her history of anxiety and Major Depressive Disorder, for which she was taking Cymbalta, antidepressants, Trazodone, and Lorazepam. "These heavy duty medications are not prescribed to healthy individuals with no mental health limitations. In fact, just the side effects from these medications would warrant some functional restrictions, such as a limitation to low-stress unskilled work." (Doc. #15, PAGEID 1971, citing Doc. #8-7, PAGEID 534, 536, 543, 545, 550-53). In support, Plaintiff notes that consultative psychological examiner Bryan J. Krabbe, Psy.D., diagnosed Plaintiff with "Unspecified Depressive Disorder, Unspecified Anxiety Disorder, and Unspecified Opioid-Related Disorder, in sustained remission." (*Id.* at PAGEID 1972, quoting Doc. #8-7, PAGEID 795). She argues that these diagnoses are inconsistent with an RFC containing no mental health limitation and the Step Four finding that Plaintiff could perform past relevant work as an accounts payable representative. (*Id.* at PAGEID 1973, quoting Doc. #8-7, PAGEID 796). While Plaintiff concedes that the ALJ evaluated her mental health issues at Step Three, "the ALJ provided

6

no indication that he considered those limitations when determining [Plaintiff's]

RFC during Step Four." (*Id*. at PAGEID 1974).  Failure to account for mental

functioning limitations has been grounds for remand in other jurisdictions, and

Plaintiff argues that it is similarly appropriate here. (*Id*. at PAGEID 1973-74, citing

*Richardson v. Saul*, 511 F. Supp. 3d 791, 799 (E.D. Ky. 2021); *Solomon v.*

*Comm'r of Soc. Sec.*, 376 F. Supp. 3d 1012, 1020-21 (D. Ariz. 2019); *Simon-*

*Leveque v. Colvin*, 229 F. Supp. 3d 778, 787 (N.D. Ill. 2017)).[2]

The decision at Step Two reflected both careful consideration of mental

health evidence of record and a logical bridge between that evidence and the ALJ's

conclusion that Plaintiff's mental health issues were not severe impairments.  (Doc.

#8-2, PAGEID 47).  That there may have been other evidence of record supporting

a finding of severe impairment is not grounds for reversal.  Moreover, the

Magistrate Judge is correct that the ALJ considered Plaintiff's mental impairments

in determining whether Plaintiff met or equaled an Appendix 1 Listing at Step

Three.  (Doc. #14, PAGEID 1963-64, citing Doc. #8-2, PAGEID 46-47).  Plaintiff's

objection as to Step Two is unavailing.

The ALJ's analysis at Step Four, however, compels remand.  Despite the

ALJ's discussion of her mental health issues at Steps Two and Three and his

finding that Plaintiff has mild limitations both in concentration, persistence, and

---

[2] The Commissioner declined to respond specifically to Plaintiff's Objections, believing that the
issues "were adequately addressed in the R&R and Defendant's brief in support of the decision[.]"
(Resp. to Objs., Doc. #16, PAGEID 1980).

pace, and in self-management and adaptation (Doc. #8-2, PAGEID 47), the RFC does not have any mental limitations, and the ALJ does not explain why no limitations are present. The ALJ does cursorily evaluate the opinions of Drs. Haskins, Krabbe, and Ruby, and concludes that their opinions and conclusions of "no more than mild limitations in any mental health area" are well-supported by evidence of record. (*Id*. at PAGEID 50). However, and in contrast to the extensive discussion of physical impairments (*id*. at PAGEID 49-50), missing from the ALJ's decision is *any* discussion of either how those mild mental health problems are incorporated into the RFC, or why they did not need to be. The Court cannot trace the ALJ's reasoning from his analysis of the psychological sources to the absence of mental limitations in the RFC. In other words, the ALJ failed in his duty to build "an accurate and logical bridge" from evidence of record to his findings. As Plaintiff points out, an ALJ failing to do so has been cause for remand in several instances. *See, e.g.*, *Richardson*, 511 F. Supp. 3d at 799 (emphasis added) ("Perhaps the ALJ rationally believed the functional limits had no impact on Richardson's work ability. Certainly, not every mild or moderate limitation signifies a compromised work ability. [But, t]he Court simply cannot discern this because the ALJ did not in any way address the matter. *Meaningful review requires more*."). The Court sees no reason why remand is not appropriate here.

The Magistrate Judge rejected Plaintiff's argument "that the ALJ improperly failed to consider and include any mental health impairment in his RFC" by noting that "the ALJ explicitly considered Plaintiff's mental impairments and determined,

8

based on the evidence of record, that Plaintiff's mental impairments did not result in any functional limitations." (Doc. #14, PAGEID 1965, citing Doc. #8-2, PAGEID 46-47). However, that record citation goes to the ALJ's Step Two and Three analysis, in which the ALJ "rate[s] the severity of mental impairments[.] . . . The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process *requires a more detailed assessment*." (Doc. #8-2, PAGEID 47 (emphasis added)). The ALJ knew what the law required him to do in the Step Four RFC assessment, and he failed to do it. Thus, the ALJ's Step Four determination that Plaintiff could return to past relevant work is not supported by substantial evidence, and reversal of the non-disability decision is warranted.

### B.  Evaluation of Reviewing Psychologists

The Magistrate Judge correctly noted that the ALJ must evaluate every medical opinion for supportability and consistency. (Doc. #14, PAGEID 1966, citing 20 C.F.R. § 404.1520c(a, b(2)). Supportability refers to internal reliability, "an opinion's reference to diagnostic techniques, data collection procedures/analysis, and other objective medical evidence." The more such evidence there is, the more supported the opinion will be. Consistency refers to external validity—the more a particular opinion is in congruence with other opinions, the more persuasive it is. (*Id*. at PAGEID 1966-67, quoting 20 C.F.R. § 404.1520c(c)(1-2); *Reusel v. Comm'r of Soc. Sec.*, No. 5:20-CV-1291, 2021 WL 1697919, at *7 n.6 (N.D. Ohio Apr. 29, 2021); citing 20 C.F.R. § 404.1527(c)(3-4)).

Plaintiff concedes that the ALJ discussed the consistency factor, but argues that he did not discuss supportability, and that that failure is an error of law requiring remand, "even if 'the outcome on remand is unlikely to be different.'" (Doc. #15, PAGEID 1974-77, quoting *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018); *Jacob B. v. Comm'r of Soc. Sec.*, No. 1:20-cv-617, 2022 WL 130761, at *8 (S.D. Ohio Jan. 14, 2022) (Litkovitz, Mag. J.); Doc. #14, PAGEID 1968).

The ALJ's discussion of mental health opinions at Step Four was perfunctory, encompassing only six lines for Drs. Rudy and Haskins and another six lines for Dr. Krabbe. (Doc. #8-2, PAGEID 50).   The extent of the ALJ's analysis as to Drs. Rudy and Haskins is that their "findings are consistent with the overall objective evidence, including objective psychiatric treatment notes, and they are uncontroverted. Therefore, Dr. Rudy and Dr. Haskins' opinions are persuasive." (*Id.*).  Plaintiff is correct that this discussion only pertains to the opinions' consistency, *i.e.*, their external validity; it does not speak to supportability, *i.e.*, "the objective medical evidence and supporting explanations presented by a medical source[.]" 20 C.F.R. § 404.1520c(c)(1).  While it may be that the opinions of Drs. Rudy and Haskins are well-supported by the evidence of record they reviewed, the Court has no way of knowing based on the decision.  This lack of explanation is particularly concerning given that the ALJ may have relied on those opinions in excluding mental limitations from Plaintiff's RFC.  The ALJ's failure

once again to build a logical bridge means that his decision was not supported by substantial evidence.

The Magistrate Judge states that "the ALJ's decision was not outside of the permissible 'zone of choice' that grants ALJs discretion to make findings without 'interference by the courts.'" (Doc. #14, PAGEID 1967, quoting *Blakley*, 581 F.3d at 406). The Court does not opine as to whether the ALJ's findings and assignments of weight were proper. Rather, the decision's fatal defect is that ALJ made no explanation on the required factor of supportability as to the psychologists' opinions. Further, because those opinions may have been relied upon in formulating Plaintiff's RFC—an RFC that was used to deny Plaintiff's claim at Step Four—the ALJ's error was not harmless.

The Court emphasizes that an ALJ's burden of explanation at Step Four is modest. He need not evaluate or even mention each medical record, but he must tell the Court *something* about why the opinion is supportable and consistent (if the ALJ is assigning that opinion substantial weight). For example, the ALJ's discussion of Dr. Krabbe's opinion adequately explained why that opinion was supportable and consistent: "Dr. Krabbe's findings are consistent with a finding that the claimant has non-severe mental health impairments and no more than mild limitations in any mental health area. Indeed, Dr. Krabbe's examination showed mostly normal functioning. Therefore, Dr. Krabbe's opinion is mostly persuasive." (Doc. #8-2, PAGEID 50). From that discussion, the Court can discern that the ALJ concluded that Dr. Krabbe's opinion was supported by his own examination

findings. However, the lack of such explanation for Drs. Rudy and Haskins, and the lack of a logical bridge between those opinions and the RFC, mean that reversal and remand are required as this objection as well.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Objections (Doc. #15) to the Magistrate Judge's Report (Doc. #14) are SUSTAINED, and the Report is REJECTED. The Commissioner's decision that Plaintiff is not disabled is REVERSED, and the matter is REMANDED to the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. Judgment shall enter in favor of Plaintiff and against the Commissioner.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: March 1, 2024

Walter H. Rice

WALTER H. RICE
UNITED STATES DISTRICT JUDGE